A. WIMPFHEIMER & BRO., INC., Plaintiff, *v.* DAVID SCHWARTZ, Defendant.

(Supreme Court, New York Special Term, September, 1921.)

Sales — when action may be maintained for the price of goods sold — Personal Property Law, § 144(3).

> While under section 144(3) of the Personal Property Law an action for the price of goods sold is maintainable, a demurrer to the complaint for failure to allege that there was no available market for the goods on a resale must be overruled and plaintiff's motion for judgment on the pleadings granted, with leave to defendant to serve an answer upon payment of the costs of the motion.

MOTION for judgment on the pleadings.

Elkus, Gleason, Vogel & Proskauer (Frank L. Weil, of counsel), for plaintiff.

Underhill & Rubinger, for defendant.

McAvoy, J.   An action may be maintained for the price of goods under the Personal Property Law (§ 144, subd. 3) where these elements are combined the transaction resulting in a breach: (1) The breach; (2) the lack of passing of title in the goods at that time; (3) that it is impossible to sell the goods to another vendee for a reasonable price; (4) an offer made to deliver to the buyer; (5) a refusal by him to take; (6) notice by seller to buyer that he holds thereafter as bailee for the buyer.   Confusion has arisen by reason of the terms in which section 144, subdivision 3, of the Personal Property Law, reads. That says, without quoting its actual context, that if the goods cannot readily be resold for a reasonable price, and if the provisions of section 145 are not

applicable, the seller on complying with the conditions there laid down may maintain the action for the price. These conditions I have heretofore outlined. Section 145 of the Personal Property Law contains four subdivisions. As to the first, its reference is so opposed to the design of section 144, subdivision 3, that it cannot be considered as related to the condition at all. Subdivision 2 is the rule of measure of damages in an action for the non-acceptance of goods, and, of course, cannot be referred to in the section dealing with an action for the price. Subdivision 3 has a superficial note of cognate meaning to the matters dealt with in section 144, subdivision 3, but examination of the essence of its significance discloses that it would have no real appositeness to the matters provided for in that section. Subdivision 4 of section 145 has an obvious appearance of an exception to the rule governing actions to be maintained for the price of the goods where title has not passed, because it has to do with the duty of a seller where goods are incomplete and require labor or expense on the part of the seller to enable him to fulfill his obligation and prescribe that he may not go forward after repudiation and complete the articles and recover the contract price. This 4th subdivision, having such obvious and apparent reference to an action for the price, excludes on the basis of reason the other three subdivisions whose context indicates their lack of relation to the former section. The attempt to interpolate through section 145, subdivision 3, an additional restrictive condition necessary for maintaining an action for the price, to wit, " where there is no available market for the goods in question," lifts a phrase out of its context entirely and makes it an independent conditional clause relating to section 144, subdivision 3, whereas if it be read with the phrase following its grammatical and logical

31

Supreme Court, September, 1921. [Vol. 116.

construction require that its reference be laid wholly to subdivision 1 in its own section. It cannot be thought that it was intended to assert that in the requisites for maintaining an action for the price two such conditions would be conjoined, namely, that where the articles cannot be resold for a reasonable price, and where there is no available market for the goods in question. It would be quite destructive of advantage supposed to reside in maintaining an action for the price if such action were barred merely because there was an available market, although a reasonable price could not be obtained. It needs no demonstration that goods may often have a ready or available market whose price is so far below a reasonable sum, compared with the sale price, that few sellers would care to elect in favor of a resale when an action for the price might be maintained against a responsible buyer. The argument of likelihood is supported by an argument of juxtaposition with the text of the original Uniform Sales Act, from which the sections of our Personal Property Law are directly derived. Professor Williston gives in his text book the sections numerically differently identified, but in text exactly similar. Section 63 of the Uniform Sales Act as he sets it out is the identical counterpart of section 144 of our Personal Property Law. The section known as 64 in Williston's text book on Sales is our section 145. The text of the original Sales Act contains, in section 63, subdivision 3, in parenthesis, after the words " and if the provisions of section 64 are not applicable," the numeral 4, indicating that its application is solely to that subdivision of section 64. That this limitation of the applicability of the reference was obviously intended by the framers of the Uniform Sales Act is, as has been seen, readily reasoned. The inclusion in our Personal Property Law, section 144,

of the reference to section 145, without this limiting qualification of the addition of the words " subdiv. 4 " or (4), in such parenthesis, as is its usual notation in the Sales Acts in the other states, based on the Uniform Sales Law, was without doubt a legislative revisionist's error. Its omission is hopelessly opposed to the basis of reason, and its inclusion is necessary if uniformity was the purpose of the legislation. The demurrer arising from the failure to allege that there was no available market is overruled and the motion for judgment on the pleadings as demanded in the complaint is granted, with costs, with leave to answer ten days hereafter on payment of costs.

Motion granted.